UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH SELTUN,
As Administratrix of the Estate of Amare Seltun,

                            Plaintiff,

            vs.                                                 **11-CV-0781A**

NEW YORK STATE OFFICE OF MENTAL
HEALTH ("OMH"); NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION ("DOCCS");
BRIAN FISCHER, COMMISIONER OF
DOCCS; MICHAEL F. HOGAN,
COMMISSIONER OF OMH; MARK L. BRADT,
SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY; MAIZIE SHAW;
DAN COTOMAN; PRABHAKAR GUMBULA;
"L.T."; and JANE AND JOHN DOES 1-10,

                            Defendants.
_____

### <u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        Attorney for Defendants

            BY:

                                        KIM S. MURPHY
                                        Assistant Attorney General, of Counsel
                                        Main Place Tower, Suite 300A
                                        350 Main Street
                                        Buffalo, New York 14202
                                        (716) 853-8477
                                        Kim.Murphy@oag.state.ny.us

**Preliminary Statement**

Plaintiff Elizabeth Seltun commenced this action as Administratrix of the Estate of Amare Seltun, who was, during the relevant time period, an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and the New York State Office of Mental Health ("OMH").   Plaintiff names as defendants the New York State Department of Corrections and Community Supervision ("DOCCS"); the New York State Office of Mental Health ("OMH"); Brian Fischer, Commissioner of DOCCS; Michael F. Hogan, Commissioner of OMH; Mark L. Bradt, Superintendent of Attica Correctional Facility ("Attica"); Maizie Shaw, OMH Social Worker; Dan Cotoman, OMH Social Worker; and Prabhakar Gumbula, OMH Psychiatrist. Complaint, Docket No.1.[1]  This action arises out of Mr. Seltun's suicide while housed at Attica.

Defendants submit this memorandum in support of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) seeking an order dismissing certain portions of the complaint. Specifically, the instant motion seeks dismissal of: (1) the State law claims against all defendants on the grounds that this Court lacks subject matter jurisdiction; (2) the State law claims against defendants Fischer and Brandt as barred by New York Correction Law §24;

---

[1]  Plaintiff also brings claims against a social worker identified as "LT" and ten other Jane and John Does whom she has not identified.   It follows, then, that these defendants have not been served with a complaint, and, as a matter of course, have not become parties to this litigation. See Saucier v. Katz, 533 U.S. 194, 212 n.1 (2001) (Ginsburg, J. concurring).   Notwithstanding, this motion would apply with equal force with respect to them in the event that they are identified and served.

(3) the claims pursuant to 42 U.S.C. §1983 against DOCCS and OMH on the grounds that this

Court lacks subject matter jurisdiction and for failure to state a cause of action; and (4) the

claims of negligence against individual defendants brought under 42 U.S.C. §1983 for failure to

state a cause of action.    The individual defendants reserve their rights with respect to the

§1983 claims alleging Federal constitutional violations against them.

### Statement of Facts

Plaintiff Elizabeth Seltun is Administratrix of the Estate of Amare Seltun. Mr. Seltun

was an inmate in the care and custody of DOCCS who was serving a twenty-five years to life

sentence and had been incarcerated on since 1993.    Complaint ¶¶ 16 - 17, 34.    This action

arises out of Mr. Seltun's suicide on September 17, 2009, which plaintiff argues should have

been prevented by defendants. Complaint ¶¶ 1, 86.    At the time of his suicide, Mr. Seltun was

housed in the Special Housing Unit ("SHU") of Attica and receiving mental health services

under OMH care. Complaint ¶¶ 6, 73.    Mr. Seltun had a history of mental illness and had

received mental health treatment both as an outpatient in DOCSS custody and as an inpatient

housed at the Central New York Psychiatric Center during the course of his incarceration.

Complaint ¶¶ 62 - 85.

Plaintiff here brings seven purported causes of action.    First, plaintiff alleges §1983

claims against all defendants for deliberate indifference to Mr. Seltun's risk of suicide.

Complaint ¶¶ 105 - 117.    The first cause of action also contains allegations of negligence.

See e.g. Complaint ¶ 113.    Second, plaintiff alleges §1983 claims against DOCCS, OMH,

Fischer, Hogan and Brandt.    Complaint ¶¶ 118 - 126.[2]    The second cause of action also

_____

[2] Plaintiff misnames her Second Claim for Relief as her second First Claim for Relief.

contains allegations of negligence and malpractice.   See e.g. Complaint ¶ 119.   Third,

plaintiff alleges State law negligence claims against defendants Shaw, Cotomon and Gumbala.

Complaint ¶¶ 121 - 126.   Fourth, plaintiff alleges State law medical malpractice claims against

defendants Shaw, Cotomon and Gumbala.   Complaint ¶¶ 127 - 134.   Fifth, plaintiff alleges

State law wrongful death claims against defendants Shaw, Cotomon and Gumbala.   Complaint

¶¶ 135 - 143.   Sixth, plaintiff alleges State law conscious pain and suffering claims against

defendants Shaw, Cotomon and Gumbala.   Complaint ¶¶ 144 - 150.   Seventh, plaintiff alleges

New York State constitutional claims against all defendants.   Complaint ¶¶ 151 - 157.

## Argument

## POINT I

### THIS COURT LACKS JURISDICTION OVER
### STATE LAW CLAIMS AGAINST ALL DEFENDANTS.

In her third, fourth, fifth and sixth causes of action, plaintiff here asserts State law

claims of negligence, medical malpractice, wrongful death and conscious pain and suffering,

respectively, against defendants Shaw, Cotoman and Gumbula.   In her seventh cause of action,

plaintiff here alleges violations of the New York State Constitution against all defendants.[3]   It

is settled, however, that the State law claims against State agencies and officials are barred by

the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121

(1984).   The Supreme Court has held that "a federal suit against state officials on the basis of

state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an

impact directly on the State itself." Id. 465 U.S. at 89 (1984). Macheroni v. Board of Regents of

---

[3] As set forth in Point IV supra, an alleged violation of the State constitution may not rise to the
level of a Federal constitutional violation as required to maintain a § 1983 claim.

the University of California, 28 F.3d 1554 (10th Cir. 1994) (court upheld dismissal on

jurisdictional grounds of state law tort and breach of contract claims against the University of

California).

      With respect to the State law claims against defendants, the Eleventh Amendment:

> prohibits suits against State officials when "the State is
> the real, substantial party in interest."   The State is the real
> party in interest if the decision rendered in the case would
> operate against the sovereign expending itself on the
> public treasury, interfering with public administration, or
> compelling the State to act or refrain from acting.   According
> to this reasoning, a claim that State officials violated State
> law in carrying out their official responsibilities is a claim
> against the State.

Hughes v. Savell, 902 F.2d 376, 377-378 (5th Cir. 1990) (citations omitted; emphasis in

original).

      Consequently, plaintiff's avenue for bringing State law claims is an action in the Court

of Claims.   In fact, plaintiff here has brought her State law claims in the Court of Claims in the

matter of Elizabeth Seltun, as Administratrix of the Estate of Amare Seltun v. State of New

York, Claim No. 120358. Plaintiff's Court of Claims matter is the proper forum for the State law

claims she asserts in this action.

      Plaintiff here cannot escape this holding by citing the supplemental jurisdiction of this

Court.   The Court in Pennhurst specifically considered this argument and rejected it:

> "[N]either pendent jurisdiction nor any other basis of
> jurisdiction may override the Eleventh Amendment.   A
> federal court must examine each claim in a case to see if
> the court's jurisdiction over that claim is barred by the
> Eleventh Amendment.   We concluded above that a claim
> that state officials violated state law in carrying out their
> official responsibilities is a claim against the State that is
> protected by the Eleventh Amendment.   We now hold

> that this principle applies as well to state law claims
> brought into federal court under pendent jurisdiction."

Pennhurst, 465 U.S. at 121 (footnote and citation omitted).[4]   Accordingly, all State law claims

against the defendants should be dismissed for lack of subject matter jurisdiction pursuant to the

Eleventh Amendment and doctrine of sovereign immunity.

## POINT II

### NEW YORK CORRECTION LAW § 24 ALSO BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST DOCCS DEFENDANTS FISCHER AND BRADT.

The alleged State law claims in plaintiff's seventh cause of action against defendants

Fischer and Brandt are governed by New York Correction Law § 24 because they are DOCCS

employees.[5]   Correction Law § 24(1) provides in pertinent part:

> No civil action shall be brought in any court of the State, except
> by the Attorney General on behalf of the State, against any officer
> or employee of the department, in its personal capacity, for
> damages arising out of any act done or the failure to perform any
> act within the scope of the employment and then the discharge of
> the duties by such officer or employee.

The Second Circuit in Baker v. Coughlin, 77 F.3d 12, 14 (2d Cir. 1996) expressly held

that § 24(1) not only provides immunity to DOCCS employees from suit in State court, but also

---

[4]  Although plaintiff here does not appear to seek injunctive relief, it is also settled that a
court's granting of injunctive relief against a State official may not be based on violations of
State law.   Pennhurst, 465 U.S. at 106.

[5]  Section 24 provides that civil actions against DOCCS' employees "shall be brought and
maintained in the Court of Claims as a claim against the State" (emphasis added).
Consequently, § 24 gives the New York State Court of Claims exclusive jurisdiction over "any
claim for damages arising out of any act done or the failure to perform any act within the scope
of employment and in the discharge of the duties of any officer or employee of [DOCS] ...."
Correction Law. § 24(2).

provides immunity from suit in Federal court.   See also Candelaria v. Griefinger, 1998 W.L.

187383, *5 (N.D.N.Y. 1998); Oiver v. Cuttler, 968 F.Supp. 83, 90 (E.D.N.Y. 1997); Webb v.

Foreman, 1997 W.L. 379707, *4 (S.D.N.Y. 1997); Ragland v. Crawford, 1997 W.L. 53279, *7

(S.D.N.Y. 1997).   The Baker Court's holding is based upon the sound legal principle that the

Federal court stands in the shoes of the State court when hearing pendent State law claims. Id.

at 14.

   In other words, where State law does not recognize a plaintiff's right to bring a claim in

that State's court, the Federal court exercising supplemental jurisdiction also must apply the

State law's prohibitions. Based upon this reasoning, the Baker Court correctly dismissed

plaintiff's claims against DOCCS officials for State law medical malpractice as well as for

intentional tort and negligence. Id.[6]  Accordingly, Correction Law § 24 bars plaintiff's State law

claims against DOCCS defendants Commissioner Fischer and Attica Superintendent Brandt in

this action.

## POINT III

## THE §1983 CLAIMS AGAINST DOCCS AND OMH ARE NOT ACTIONABLE.

   Plaintiff's first and second claims for relief are brought pursuant to 42 U.S.C. §1983.

In order to state a claim under §1983, a plaintiff must allege that: (1) the challenged conduct

was attributable at least in part to a person acting under color of State law; and (2) such conduct

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of

---

[6]  Defendants acknowledge the Supreme Court's ruling in Haywood v. Drown, 556 U.S. 729 (2009). Yet, the Haywood decision did not affect Correction Law §24's prohibition of bringing State law claims against DOCS employees. Id.   Rather, the Haywood Court instead held that Correction Law §24 was unconstitutional only insofar as it violated the Supremacy Clause by barring Federal §1983 claims in State court.   Id. at 2115.

the United States.    Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1983).

This Court lacks subject matter jurisdiction against plaintiff's §1983 claims against DOCCS and OMH and defendants Fischer, Hogan and Bradt in their official capacities by virtue of the Eleventh Amendment.    Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. at 100.    It is well-settled that States and their agencies are immune from suit in Federal court based upon the post-Civil War civil rights acts establishing sovereign immunity. Id.; Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 731 (1978); Edelman v. Jordan, 415 U.S. 651 (1974). Like all State agencies, DOCCS and OMH considered to be arms of the State for purposes of Eleventh Amendment sovereign immunity. See e.g. Davis v. State of New York, 316 F.2d 93, 101-102 (2d Cir. 2002). Additionally, Eleventh Amendment immunity extends to suits based on constitutional violations for monetary damages against individuals acting in their official state capacities.    Edelman, 415 U.S. at 677.    Thus, the §1983 claims against the individual defendants in their official capacities should be dismissed on sovereign immunity grounds.

Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under §1983". Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Yoonessi v. State Univ. of New York, 862 F. Supp. 1005, 1012 (W.D.N.Y. 1994).    Thus, plaintiff's §1983 claims against DOCCS, OMH and the individual defendants in their official capacities fail to state a cause of action.    Accordingly, the §1983 claims against DOCCS and OMH should be dismissed as a matter of law.

## POINT IV

### DEFENDANTS' ALLEGED ACTS OF NEGLIGENCE DO NOT RISE TO LEVEL OF AN EIGHTH AMENDMENT VIOLATION UNDER §1983.

As stated in Point IV above, §1983 provides a civil claim for damages caused by violations of rights protected by the United States Constitution and laws, and not for violations arising out of State law.   Davis v. Scherer, 468 U.S. 183, 194 (1984).   Thus, even where the official conduct at issue violates State law, it may not rise to the level of a Federal constitutional injury cognizable under §1983.   Baker v. McCollan, 443 U.S. 137, 140 (1979).   Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985).

Consequently, to the extent that plaintiff's §1983 claims are based upon alleged negligence violations, the complaint in this action does not state a cognizable constitutional claim under the Eighth Amendment.   It is settled that negligence does not rise to the level of a constitutional claim under 42 U.S.C. §1983. Daniel v. Williams, 474 U.S. 254 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).   Therefore, insofar as plaintiff here bases her §1983 claims upon negligence or other State law tort violations, she has failed to state a cognizable cause of action under §1983. Accordingly, plaintiff's §1983 allegations of negligence should be dismissed as a matter of law.

### Conclusion

For the reasons set forth above, the motion to dismiss should be granted and: (1) the claims against DOCCS, OMH and defendants Fischer and Hogan in their official capacities in the first and second causes of action should be dismissed; (2) the negligence claims in the first and second causes of action should be dismissed; and (3) the second, third, fourth, fifth, sixth

and seventh causes of actions should be dismissed.


Dated:   November 2, 2011
              Buffalo, New York

                                                    Respectfully submitted,

                                                    ERIC T. SCHNEIDERMAN
                                                    Attorney General of the State of New York
                                                    Attorney for Defendants
                                                    BY:
                                                    s/ Kim S. Murphy
                                                    KIM S. MURPHY
                                                    Assistant Attorney General, of Counsel
                                                    Main Place Tower, Suite 300A
                                                    350 Main Street
                                                    Buffalo, New York 14202
                                                    (716) 853-8477
                                                    Kim.Murphy@oag.state.ny.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH SELTUN,
As Administratrix of the Estate of Amare Seltun,

                         Plaintiff,

        vs.                                     **11-CV-0781A**

NEW YORK STATE OFFICE OF MENTAL
HEALTH ("OMH"); NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION ("DOCCS");
BRIAN FISCHER, COMMISIONER OF
DOCCS; MICHAEL F. HOGAN,
COMMISSIONER OF OMH; MARK L. BRADT,
SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY; MAIZIE SHAW;
DAN COTOMAN; PRABHAKAR GUMBULA;
"L.T."; and JANE AND JOHN DOES 1-10,

                         Defendants.
_____

## CERTIFICATE OF SERVICE

       I hereby certify that on November 2, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following CM/ECF participants in this case:

    Rahul Agarwal, Esq.               Christopher M. Colorado, Esq.
    ragarwal@fklaw.com             ccolorado@fklaw.com

                                       ERIC T. SCHNEIDERMAN
                                       Attorney General of the State of New York
                                       Attorney for Defendants
                   BY:

                                       KIM S. MURPHY
                                       Assistant Attorney General, of Counsel
                                       Main Place Tower, Suite 300A
                                       350 Main Street
                                       Buffalo, New York 14202
                                       (716) 853-8477
                                       Kim.Murphy@oag.state.ny.us